FILED
SUPERIOR COURT
OF GUAM

2021 JUL 19 PM 2: 33

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MORGAN AIKEN, III,<br><br>Plaintiff,<br><br>vs.<br><br>CATHERINE M.R. CASTRO and EDWARD CASTRO,<br><br>Defendants. | Superior Court Case No. <u>CV0084-19</u><br><br>**DECISION AND ORDER RE PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTION** |

The Court here considers Plaintiff Morgan Aiken III's Motion for Emergency Injunction, seeking to enjoin Defendants Catherine M.R. Castro and Edward Castro from harassing him by sending non-consented emails and stray remarks. Additionally, Aiken is requesting that the Court order the Castros to limit communications to facsimile. The Castros did not file an opposition to Aiken's Motion. Finding that Aiken has not consented to service by email, the Court GRANTS the Motion.

## I.   BACKGROUND

Aiken asserts that at an April 8, 2020 status conference, the Castros denied receipt of email transmissions from Aiken. Aiken also denied receiving email transmissions from the Castros, claiming that he receives hundreds of emails a day. As a result, Aiken asserts that the parties came to a mutual agreement that future communications will be made via fax.

According to Aiken, this agreement continued until December 20, 2020 when counsel for the Castros, Minakshi Hemlani, began communicating with Aiken through email. In the email, Hemlani states that since Aiken is accepting service by email from the Court she will be serving

him through email moving forward. Ex. 1. Hemlani subsequently served Aiken with pleadings by email on December 20, 2020 (Ex. 2), December 23, 2020 (Ex. 3), January 27, 2021 (Ex. 4), March 1, 2021 (Ex. 6), April 6, 2021 (Ex. 7), April 7, 2021 (Ex. 9), April 11, 2021 (Ex. 11), and April 15, 2021 (Exs. 12-13).

On April 6, 2021, Hemlani noted in an email that Aiken is receiving electronic service from the Superior Court and informed Aiken that she will no longer accept service by fax. Ex. 8. Hemlani also emailed Aiken on April 7, 2021, thanking him for receipt of her April 6 email and informed him that he cannot reject email service from other parties when he is accepting email service from the Court. Ex. 9.

Aiken also emailed the Castros directly on April 7, 2021, informing them that he has repeatedly informed them that he will not receive email communication from them and only authorizes communication via fax. Ex. 14. In the same email Aiken informed the Catros that if they continue to contact him by email he will file a Motion or injunction against them and seek reimbursement. *Id.*

Aiken argues that the Castros' direct communications with the Court and stray comments to him constitute a violation of legal ethics. Aiken cites no rule supporting this assertion. Aiken also argues that the Castros may only communicate with him by means with which he consents. Similarly, Aiken cites no authority for this assertion. Aiken claims that the Castros are aware of the difficulties that he faces with "keeping up with emails" and that the Castros are "exploiting that area to create a distraction and to harass" him.

Aiken also argues that, since this is an intentional act by the Castros, he should be awarded payment for the hours worked on the present motion. He claims to have spent four hours on April 17, 2021 and four hours on April 18, 2021. Aikens argues for a rate of $250 for

work done weekday work and $500 for work done on the weekend. Since April 17 fell on a Sunday, he seeks $2,000. He seeks $1,000 for work done on April 18. Aiken cites no legal authority for awarding costs or for the rate he seeks.

## II.    LAW AND DISCUSSION

The Local Rules of the Superior Court of Guam state that in motion practice, "[t]he motion papers shall be served on each of the parties in accordance with Guam Rule of Civil Procedure Rule 5." CVR 7.l(b). Rule 5 states, "[E]very written motion shall ... be served on each of the parties." GRCP 5(a). Under Rule 5, service on a party represented by an attorney should be made on the attorney, unless the court orders service on the party itself. *Id.* at 5(b)(1). Adequate service to notify a party of a written motion is described in Rule 5 as:

- handing a copy of the motion to the person;

- leaving it at their office with a clerk or someone in charge, or leaving it in a conspicuous place at the office if no one there is in charge;

- if the person has no office or the office is closed, leaving it at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there;

- mailing a copy to the last known address of the person sewed;

- leaving a copy with the clerk of the court if the person has no known address; or

- delivering a copy by any other means, including electronic means, consented to in writing by the person served.

*See id.* at 5(b)(2).

Here, Aiken claims that he has not consented to service by email. Since Guam Rule of Civil Procedure Rule 5 requires that a party consent to service by electronic means in writing, the Court finds the Castros service by email improper. The Court also finds that the email from Hemlani stating that Aiken cannot reject email service from other parties when he is accepting email service from the Court is a misstatement of Rule 5. If the Castros wish to serve Aiken by

email they are required to get his consent in writing, which they have not done. Since Aiken has consented in writing to service by facsimile, the Castros may serve him in that manner--as they did from April 8, 2020 until December, 2020.

The Court notes that the Guam Supreme Court instructed in its Administrative Order No. ADM21-563 that "parties shall continue to serve documents through electronic meals or by email." Also, "Courts should ... resolve matters by using available technologies, including alternative means of filing, teleconferencing, video conferencing (e.g., Zoom), and use of email, except when it is not practicable to do so or would contravene the protection of constitutional rights." Admin. Order No. ADM21-563. Similar measures have been in place since the Guam Supreme Court began modifying Court operations to address the COVID-19 pandemic on the island. *See, e.g.*, Admin. Order No. 2020-239 (Mar. 5, 2020). Nonetheless, the Court finds that Aiken's request to be served by facsimile satisfies the Guam Supreme Court's directive to utilize "electronic means" and respects Aiken's election not to be served by email.

As for Aiken's claim for attorney fees, the Court notes that Aiken cites to no legal authority by which the Court may award him the fees he seeks. The Court also notes that since Aiken resides off island and has not provided the Castros an address, he has greatly limited the available means by which the Castos may serve him. Moreover, Aiken has received service of all of the motion papers during the period that the Castros have served him by email. Accordingly, the Court is satisfied that ordering that the Castros be enjoined from continuing to serve Aiken by email is a sufficient remedy.

## III.    CONCLUSION

Finding the Plaintiff Morgan Aiken III has not consented in writing to service by email, as required by Guam Rule of Civil Procedure Rule 5, the Court GRANTS the motion and enjoins

Defendants Catherine M.R. Castro and Edward Castro from serving him by email. Since Aiken

consented in writing to service by facsimile, the Castros may serve him in that manner, or by any

other method permitted under Guam law. Moreover, finding that remedy sufficient, the Court

DENIES Aikens request for the costs associated with filing the present Motion.

SO ORDERED this 19th day of July 2021.

HON/ ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Parties:
Morgan Aiken III, *pro se*
Minakshi V. Hemlani, Law Offices of Minakshi V. Hemlani, P.C., for Defendants Catherine M.R.
Castro and Edward Castro